# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA

**Fill in this information to identify your case:**

Debtor 1: Kenneth Augustus Daniel
First Name / Middle Name / Last Name

Debtor 2 (Spouse, if filing):
First Name / Middle Name / Last Name

☐ Check if this is an amended plan.

Case Number (If known): 20-10774-SDB

## CHAPTER 13 PLAN AND MOTION

[Pursuant to Fed. R. Bankr. P. 3015.1, the Southern District of Georgia General Order 2017-3 adopts this form in lieu of the Official Form 113].

1. **Notices. Debtor(s) must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as not being contained in the plan or if neither or both boxes are checked, the provision will be ineffective if set out in the plan.**

    (a) This plan:  ☒ contains nonstandard provisions. See paragraph 15 below.
    ☐ does not contain nonstandard provisions.

    (b) This plan:  ☒ values the claim(s) that secures collateral. See paragraph 4(f) below.
    ☐ does not value claim(s) that secures collateral.

    (c) This plan:  ☒ seeks to avoid a lien or security interest. See paragraph 8 below.
    ☐ does not seek to avoid a lien or security interest.

2. **Plan Payments.**

    (a) The Debtor(s) shall pay to the Chapter 13 Trustee (the "Trustee") the sum of $ **4,500.00 per month** for the applicable commitment period of:

    ☐ 60 months; **or**

    ☒ a minimum of 36 months. See 11 U.S.C. § 1325(b)(4).

    (If applicable include the following: These plan payments will change to $_____ monthly on _____, 20____.)

    (b) The payments under paragraph 2(a) shall be paid:

    ☐ Pursuant to a Notice to Commence Wage Withholding, the Debtor(s) request(s) that the Trustee serve such Notice(s) upon the Debtor's(s') employer(s) as soon as practicable after the filing of this plan. Such Notice(s) shall direct the Debtor's(s') employer(s) to withhold and remit to the Trustee a dollar amount that corresponds to the following percentages of the monthly plan payment:

    ☐ Debtor 1 _____%   ☐ Debtor 2 _____%

    ☒ Direct to the Trustee for the following reason(s):
      ☒ The Debtor(s) receive(s) income solely from self-employment, Social Security, government assistance, or retirement.
      ☐ The Debtor(s) assert(s) that wage withholding is not feasible for the following reason(s):
      _____

    (c) Additional Payments of $_____ (estimated amount) will be made on _____ (anticipated date)

    from _____ (source, including income tax refunds).

3. **Long-Term Debt Payments.**

   (a) **Maintenance of Current Installment Payments.** The Debtor(s) will make monthly payments in the manner specified as follows on the following long-term debts pursuant to 11 U.S.C. § 1322(b)(5). These postpetition payments will be disbursed by either the Trustee or directly by the Debtor(s), as specified below. Postpetition payments are to be applied to postpetition amounts owed for principal, interest, authorized postpetition late charges and escrow, if applicable. Conduit payments that are to be made by the Trustee which become due after the filing of the petition but before the month of the first payment designated here will be added to the prepetition arrearage claim.

   | CREDITOR | COLLATERAL | PRINCIPAL RESIDENCE (Y/N) | PAYMENTS TO BE MADE BY (TRUSTEE OR DEBTOR(S)) | MONTH OF FIRST POSTPETITION PAYMENT TO CREDITOR | INITIAL MONTHLY PAYMENT |
   |---|---|---|---|---|---|
   | | | | | | |

   (b) **Cure of Arrearage on Long-Term Debt.** Pursuant to 11 U.S.C. § 1322(b)(5), prepetition arrearage claims will be paid in full through disbursements by the Trustee, with interest (if any) at the rate stated below. Prepetition arrearage payments are to be applied to prepetition amounts owed as evidenced by the allowed claim.

   | CREDITOR | DESCRIPTION OF COLLATERAL | PRINCIPAL RESIDENCE (Y/N) | ESTIMATED AMOUNT OF ARREARAGE | INTEREST RATE ON ARREARAGE (if applicable) |
   |---|---|---|---|---|
   | | | | | |

4. **Treatment of Claims.** From the payments received, the Trustee shall make disbursements as follows unless designated otherwise:

   (a) **Trustee's Fees.** The Trustee percentage fee as set by the United States Trustee.

   (b) **Attorney's Fees.** Attorney's fees allowed pursuant to 11 U.S.C. § 507(a)(2) of $**4,310.00**.

   (c) **Priority Claims.** Other 11 U.S.C. § 507 claims, unless provided for otherwise in the plan will be paid in full over the life of the plan as funds become available in the order specified by law.

   (d) **Fully Secured Allowed Claims.** All allowed claims that are fully secured shall be paid through the plan as set forth below.

   | CREDITOR | DESCRIPTION OF COLLATERAL | ESTIMATED CLAIM | INTEREST RATE | MONTHLY PAYMENT |
   |---|---|---|---|---|
   | BB&T | Ford F350 | $40,672.00 | 5% | Min. of $768.00 |
   | BBVA USA | Ford F350 | $38,639.00 | 5% | Min. of $730.00 |
   | First State Bank | 2005 Chevrolet C4500, 2006 Ford F350, 2009 Cedar Creek Forrest, Gravely 460 Pro Turn Mower with 31 HP Kawasaki Engine, Gravely 472 Pro Turn Mower with 35 HP Kawasaki Engine, 1998 New Holland 4630 Tractor & 2018 RCR1884 Rotary Mower | $36,920.00 | 5% | Min. of $697.00 |

| | | | | |
|---|---|---|---|---|
| Queensborough National Bank and Trust Company | ASV PT100 Skidsteer and Bucket, Bradco Extreme Ground Shark, Stout Grapple, 24' Tilt Trailer, 2004 Kubota Tractor, and Polaris Ranger | $21,501.00 | 5% | Min. of $406.00 |
| Queensborough National Bank and Trust Company | ASV PT100 Skidsteer and Bucket, Bradco Extreme Ground Shark, Stout Grapple, 24' Tilt Trailer, 2004 Kubota Tractor, and Polaris Ranger | $3,574.00 | 5% | Min. of $70.00 |
| Georgia Department of Revenue | Real/Personal Property (State Tax Execution) | $4,163.00 | 5% | Min. of $75.00 |
| Kawasaki/SYNCB | Kawasaki Dirt Bike | $1,518.00 | 5% | Min. of $29.00 |
| Wells Fargo Dealer Services | Ford Explorer | $23,516.00 | 5% | Min. of $431.00 |
| Wrens Finance Company | Ford F350 | $2,625.00 | 5% | Min. of $50.00 |

(e) **Secured Claims Excluded from 11 U.S.C. § 506 (those claims subject to the hanging paragraph of 11 U.S.C. § 1325(a)).** The claims listed below were either: (1) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the Debtor(s), or (2) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value. These claims will be paid in full under the plan with interest at the rate stated below:

| CREDITOR | DESCRIPTION OF COLLATERAL | ESTIMATED CLAIM | INTEREST RATE | MONTHLY PAYMENT |
|---|---|---|---|---|
| | | | | |

(f) **Valuation of Secured Claims to Which 11 U.S.C. § 506 is Applicable.** The Debtor(s) move(s) to value the claims partially secured by collateral pursuant to 11 U.S.C. § 506 and provide payment in satisfaction of those claims as set forth below. The unsecured portion of any bifurcated claims set forth below will be paid pursuant to paragraph 4(h) below. The plan shall be served on all affected creditors in compliance with Fed. R. Bankr. P. 3012(b), and the Debtor(s) shall attach a certificate of service.

| CREDITOR | DESCRIPTION OF COLLATERAL | VALUATION OF SECURED CLAIM | INTEREST RATE | MONTHLY PAYMENT |
|---|---|---|---|---|
| 1st Franklin Financial Corporation (all claims) | Personal Property | $ - 0 - | 0% | $ - 0 - |

(g) **Special Treatment of Unsecured Claims.** The following unsecured allowed claims are classified to be paid at 100% ☐ with interest at _____ % per annum **or** ☐ without interest:
_____

(h) **General Unsecured Claims.** Allowed general unsecured claims, including the unsecured portion of any bifurcated claims provided for in paragraph 4(f) or paragraph 9 of this plan, will be paid a **100** % dividend or a pro rata share of $ **100.00**, whichever is greater.

5. **Executory Contracts.**

   (a) **Maintenance of Current Installment Payments or Rejection of Executory Contract(s) and/or Unexpired Lease(s).**

   | CREDITOR | DESCRIPTION OF PROPERTY/SERVICES AND CONTRACT | ASSUMED/ REJECTED | MONTHLY PAYMENT | DISBURSED BY TRUSTEE OR DEBTOR(S) |
   |---|---|---|---|---|
   | | | | | |

   (b) **Treatment of Arrearages.** Prepetition arrearage claims will be paid in full through disbursements by the Trustee.

   | CREDITOR | ESTIMATED ARREARAGE |
   |---|---|
   | | |

6. **Adequate Protection Payments.** The Debtor(s) will make pre-confirmation lease and adequate protection payments pursuant to 11 U.S.C. § 1326(a)(1) on allowed claims of the following creditors: ☐ Direct to the Creditor; **or** ☑ To the Trustee.

   | CREDITOR | ADEQUATE PROTECTION OR LEASE PAYMENT AMOUNT |
   |---|---|
   | BB&T | $407.00 |
   | BBVA USA | $387.00 |
   | First State Bank | $370.00 |
   | Wrens Finance Company | $26.00 |
   | Kawasaki/Synchrony Bank | $15.00 |
   | Queensborough National Bank and Trust Company (smaller claim) | $36.00 |
   | Queensborough National Bank and Trust Company (larger claim) | $215.00 |
   | Wells Fargo Dealer Services | $229.00 |

7. **Domestic Support Obligations.** The Debtor(s) will pay all postpetition domestic support obligations direct to the holder of such claim identified here. See 11 U.S.C. § 101(14A). The Trustee will provide the statutory notice of 11 U.S.C. § 1302(d) to the following claimant(s):

   | CLAIMANT | ADDRESS |
   |---|---|
   | | |

8. **Lien Avoidance.** Pursuant to 11 U.S.C. § 522(f), the Debtor(s) move(s) to avoid the lien(s) or security interest(s) of the following creditor(s), upon confirmation but subject to 11 U.S.C. § 349, with respect to the property described below. The plan shall be served on all affected creditor(s) in compliance with Fed. R. Bankr. P. 4003(d), and the Debtor(s) shall attach a certificate of service.

   | CREDITOR | LIEN IDENTIFICATION (if known) | PROPERTY |
   |---|---|---|
   | 1st Franklin Financial Corporation | | Household Goods |

9. **Surrender of Collateral.** The following collateral is surrendered to the creditor to satisfy the secured claim to the extent shown below upon confirmation of the plan. The Debtor(s) request(s) that upon confirmation of this plan the stay under 11 U.S.C. § 362(a) be terminated as to the collateral only and that the stay under 11 U.S.C. § 1301 be terminated in all respects. Any allowed deficiency balance resulting from a creditor's disposition of the collateral will be treated as an unsecured claim in paragraph 4(h) of this plan if the creditor amends its previously-filed, timely claim within 180 days from entry of the order confirming this plan or by such additional time as the creditor may be granted upon motion filed within that 180-day period.

   | CREDITOR | DESCRIPTION OF COLLATERAL | AMOUNT OF CLAIM SATISFIED |
   |---|---|---|

10. **Retention of Liens.** Holders of allowed secured claims shall retain the liens securing said claims to the full extent provided by 11 U.S.C § 1325(a)(5).

11. **Amounts of Claims and Claim Objections.** The amount, and secured or unsecured status, of claims disclosed in this plan are based upon the best estimate and belief of the Debtor(s). An allowed proof of claim will supersede those estimated claims. In accordance with the Bankruptcy Code and Federal Rules of Bankruptcy Procedure, objections to claims may be filed before or after confirmation.

12. **Payment Increases.** The Debtor(s) will increase payments in the amount necessary to fund allowed claims as this plan proposes, after notice from the Trustee and a hearing if necessary, unless a plan modification is approved.

13. **Federal Rule of Bankruptcy Procedure 3002.1.** The Trustee shall not pay any fees, expenses, or charges disclosed by a creditor pursuant to Fed. R. Bankr. P. 3002.1(c) unless the Debtor's(s') plan is modified after the filing of the notice to provide for payment of such fees, expenses, or charges.

14. **Service of Plan.** Pursuant to Fed. R. Bankr. P. 3015(d) and General Order 2017-3, the Debtor(s) shall serve the Chapter 13 plan on the Trustee and all creditors when the plan is filed with the court, and file a certificate of service accordingly. If the Debtor(s) seek(s) to limit the amount of a secured claim based on valuation of collateral (paragraph 4(f) above), seek(s) to avoid a security interest or lien (paragraph 8 above), or seek(s) to initiate a contested matter, the Debtor(s) must serve the plan on the affected creditors pursuant to Fed. R. Bankr. P. 7004. See Fed. R. Bankr. P. 3012(b), 4003(d), and 9014.

15. **Nonstandard Provisions.** Under Fed. R. Bankr. P. 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise in this local plan form or deviating from it. Nonstandard provisions set out elsewhere in this plan are void.

   a) UPON GRANT OF DISCHARGE IN THIS CASE, ALL SECURED CREDITORS BEING PAID THROUGH THE PLAN SHALL PROMPTLY RELEASE ALL COLLATERAL HELD AS SECURITY ON

LOANS, AND SHALL PROMPTLY RELEASE AND/OR SATISFY ALL SECURITY DEEDS, SECURITY AGREEMENTS, UCC FILINGS, JUDGMENT LIENS, TITLES, AND/OR ANY OTHER LIEN CLAIM OF ANY KIND AGAINST PROPERTY OF THE DEBTOR. THIS PARAGRAPH SHALL IN NO WAY APPLY TO MORTGAGES AND/OR OTHER SECURED DEBTS THAT ARE NOT PAID THROUGH THE CHAPTER 13 PLAN.

b) ALL PAYMENTS MADE BY THE CHAPTER 13 TRUSTEE TO THE INTERNAL REVENUE SERVICE AND/OR GEORGIA DEPARTMENT OF REVENUE, IF ANY, SHALL BE APPLIED FIRST TO THE PRE-PETITION PRINCIPAL OBLIGATION.

**By signing below, I certify the foregoing plan contains no nonstandard provisions other than those set out in paragraph 15.**

Dated: 9/8/2020

_____
Debtor 1

_____
Debtor 2

_____
Attorney for the Debtor(s)

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have served a copy of the within and foregoing CHAPTER 13 PLAN AND MOTION upon the following parties via CM/ECF electronic mail:

Huon Le
[VIA ECF]

Office of the U. S. Trustee
[VIA ECF]

Nathan Edward Huff
[VIA ECF]

I hereby certify that I have served a copy of the within and foregoing CHAPTER 13 PLAN AND MOTION by First Class Mail, placing same in the United States Mail with proper postage affixed thereon, to the following addresses:

SEE ATTACHED EXHIBIT "A"

I hereby certify that I have served a copy of the within and foregoing CHAPTER 13 PLAN AND MOTION on the following corporations, addressed to an Agent or Officer, by First Class Mail, placing same in the United States Mail with proper postage affixed thereon, to the following addresses:

1st Franklin Financial Corporation
Attn: Officer or Agent
P.O. Box 1409
Thomson, GA 30824-1409
(as shown on Exhibit "A")

1st Franklin Financial Corporation
Attn: Ben Cheek, III, Registered Agent
135 East Tugalo Street
Toccoa, GA 30577

1st Franklin Financial Corporation
Attn: Officer or Agent
P.O. Box 880
Toccoa, GA 30577-0880

I hereby certify that I have served a copy of the within and foregoing CHAPTER 13 PLAN MOTION on the following insured depository institutions, addressed to an Officer of the institution, by Certified Mail with proper postage affixed thereon, to the following addresses:

N/A

This 23rd day of September, 2020.

_____
John P. Wills
Attorney for Debtor

WILLS LAW FIRM, LLC
P.O. Box 1620
Thomson, GA 30824
706-595-8100

| | | | |
|---|---|---|---|
| Label Matrix for local noticing<br>113J-1<br>Case 20-10774-SDB<br>Southern District of Georgia<br>Augusta<br>Tue Sep 22 19:57:07 EDT 2020 | 1ST FRANKLIN FINANCIAL CORPORATION<br>ATTN:  OFFICER OR AGENT<br>P.O. BOX 1409<br>THOMSON GA 30824-1409 | (p)1ST FRANKLIN FINANCIAL CORPORATION<br>PO BOX 880<br>TOCCOA GA 30577-0880 | EXHIBIT "A" |
| (p)BB AND T<br>PO BOX 1847<br>WILSON NC 27894-1847 | BBVA USA<br>15 20TH STREET S.<br>BIRMINGHAM AL 35233-2000 | BBVA USA<br>701 32RD STREET S.<br>BIRMINGHAM AL 35233-3515 | |
| Kenneth Augustus Daniel<br>P.O. Box 293<br>Gibson, GA 30810-0293 | (p)FIRST STATE BANK<br>ATTN ANGIE ADAMS<br>PO BOX 555<br>WRENS GA 30833-0555 | (p)GEORGIA DEPARTMENT OF REVENUE<br>COMPLIANCE DIVISION<br>ARCS BANKRUPTCY<br>1800 CENTURY BLVD NE SUITE 9100<br>ATLANTA GA 30345-3202 | |
| GLORIA FAYE PATE<br>P.O. BOX 293<br>GIBSON GA 30810-0293 | ~~Nathan Edward Huff<br>Cleary West & Hawkins, LLP<br>1223 George C. Wilson Drive<br>Augusta, GA 30909-4502~~<br>(via CM/ECF) | INTERNAL REVENUE SERVICE<br>P.O. BOX 7346<br>PHILADELPHIA PA 19101-7346 | |
| ~~John P. Wills<br>Wills Law Firm, LLC<br>318 Jackson Street<br>P.O. Box 1620<br>Thomson, GA 30824-5620~~ | KAWASAKI/SYNCB<br>P.O. BOX 6153<br>RAPID CITY SD 57709-6153 | LEFKOFF, RUBIN, GLEASON & RUSSO, P.C.<br>5555 GLENRIDGE CONNECTOR<br>SUITE 900<br>ATLANTA GA 30342-4762 | |
| ~~Huan Le<br>P.O. Box 2127<br>Augusta, GA 30903-2127~~<br>(via CM/ECF) | ~~Nathan Huff<br>1223 George C. Wilson Dr.<br>Augusta, GA 30909-4502~~<br>(via CM/ECF) | ~~Office of the U. S. Trustee<br>Johnson Square Business Center<br>2 East Bryan Street, Ste 725<br>Savannah, GA 31401-2638~~<br>(via CM/ECF) | |
| QUEENSBOROUGH NATIONAL BANK & TRUST<br>ATTN:  KATHY COBB<br>P.O. BOX 467<br>LOUISVILLE GA 30434-0467 | SYNCHRONY BANK<br>ATTN: BANKRUPTCY DEPARTMENT<br>P.O. BOX 965060<br>ORLANDO FL 32896-5060 | Synchrony Bank<br>c/o PRA Receivables Management, LLC<br>PO Box 41021<br>Norfolk, VA 23541-1021 | |
| Synchrony Bank c/o PRA Receivables Managemen<br>PO Box 41021<br>Norfolk, VA 23541-1021 | THE HOME DEPOT<br>P.O. BOX 790393<br>SAINT LOUIS MO 63179-0393 | THE HOME DEPOT/CBNA<br>P.O. BOX 6497<br>SIOUX FALLS SD 57117-6497 | |
| United States Attorney<br>P.O. Box 2017<br>Augusta GA 30903-2017 | WELLS FARGO<br>P.O. BOX 14517<br>DES MOINES IA 50306-3517 | WELLS FARGO DEALER SERVICES<br>ATTN: CORRESPONDENCE<br>P.O. BOX 168048<br>IRVING TX 75016-8048 | |
| WELLS FARGO DEALER SERVICES<br>P.O. BOX 1697<br>WINTERVILLE NC 28590-1697 | WRENS FINANCE COMPANY<br>217 BROAD STREET<br>WRENS GA 30833-1110 | Wells Fargo Bank N.A., d/b/a Wells Fargo Aut<br>PO Box 130000<br>Raleigh, NC 27605-1000 | |

John P. Wills
Wills Law Firm, LLC
P O Box 5620
Thomson, GA 30824-5620

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

1ST FRANKLIN FINANCIAL CORPORATION
ATTN: BEN CHEEK, III, REGISTERED AGENT
135 EAST TUGALO STREET
TOCCOA GA 30577

BB&T
P.O. BOX 1847
WILSON NC 27894

FIRST STATE BANK
P.O. BOX 555
WRENS GA 30833

(d)First State Bank
PO Box 555
Wrens, GA 30833

GEORGIA DEPARTMENT OF REVENUE
COMPLIANCE DIVISION; ARCS BANKRUPTCY
1800 CENTURY BLVD, NE, SUITE 9100
ATLANTA GA 30345-3202

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(d)Kenneth Augustus Daniel
P.O. Box 293
Gibson GA 30810-0293

End of Label Matrix
Mailable recipients    30
Bypassed recipients     1
Total                  31